May it please the Court. I am Melissa Windberg. I'm with the Federal Defender's Office in Idaho and I'm representing Joshua Allen Ward. I will attempt to reserve two minutes for rebuttal. Mr. Ward's sentence under the Armed Court Criminal Act should be vacated because it's 2002 Minnesota conviction for aiding and abetting simple robbery does not require the force necessary for the Armed Court Criminal Act. Instead, like robbery cases that this circuit has already held, Minnesota requires only minimal force to to convict for robbery. The Armed Court Criminal Act, on the other hand, requires violent physical force and in the Ninth Circuit decision in Walton this court really addressed the Supreme Court the Supreme Court rulings in Johnson and Castleman about what degree of force is really required for a and it's not mere potential for trivial pain or slight injury. It is force that has to be substantial and strong. Is our analysis here a categorical analysis or a modified categorical analysis? It is a categorical analysis, Your Honor. I don't think there's been any suggestion that the statute can be divisible. Let me let me ask you. So the one argument that I found most interesting that was advanced by the government is the argument under Minnesota law that, what is it, fifth degree assault is a lesser included offense of simple robbery. Is that right? And then when and then when you look at the definition of assault of third degree, a fifth degree assault, it talks about, it mentions bodily injury. What's wrong with, and there's a case that says that fifth degree assault is is a is a lesser included offense of. That's correct, Your Honor. The Stanaford case has been cited by the government. However, that is not the law in Minnesota. That is a Court of Appeals decision. It is laying out that fifth degree assault is a lesser included of simple robbery. Minnesota law says that unless the Supreme Court adopts the Court of Appeals decision, it does not, it's not authoritative on what Minnesota law means. And you can also see by looking at both Minnesota Supreme Court cases and Minnesota Court of Appeals cases, that those courts are not actually requiring the elements of fifth degree assault in order to convict for simple robbery. What do we do, how do we look at that? I mean, the Minnesota cases are somewhat, if, if fifth degree assault is a lesser included, and then you look at some of the cases on simple robbery, it doesn't make sense because just the cases involving the fake gun, where nothing really happens, qualifies as simple robbery. It doesn't make sense. Well, I think it does make sense if you look at Minnesota Supreme Court law. If you look at the authoritative sources, where first you start with the Minnesota statute, and the statute says mere force is sufficient, and then you have the legislative advisory comments, which have been adopted and approved by the Minnesota Supreme Court in Nash, saying that if, if a purse is snatched from the victim, it's theft, but if there's any degree of struggle, struggle, then it's robbery. They're not requiring the element of intentional infliction of bodily harm or intent to inflict bodily harm, as the Stanford court puts forth. Pardon me, are we to accept your view of the Minnesota law, that court of appeals decisions are not the law in Minnesota, or do we have to follow our own law, which says that absent Supreme Court cases in the state, we do look at court of appeals decisions if they're predictive of what the Supreme Court of that state would do? And I would say that it is not predictive of what the Supreme Court would do, because you would accept that we have to follow our own rule, not just what Minnesota says. Well, I don't know why you would follow a rule that Minnesota itself does not follow, where Minnesota, Minnesota law is, says that court of appeals cases are not authoritative, unless adopted by the Minnesota Supreme Court. And there, and you do have authority from the Minnesota Supreme Court saying that simple force is sufficient, and you have that in, in Nash, which is a Minnesota Supreme Court case, and that, that was an instance of an individual taking money from a victim's purse without her knowledge. They said that came very close to constituting robbery, and they approved of the advisory committee notes. You also have Nelson, which is, which is a Minnesota Supreme Court case, saying that forcefully pulling on the boy's coat and jostling him was force sufficient for simple robbery, because it caused the victim to acquiesce to the taking of the property. So, can I ask you another question that we sort of have to think about, and that is the Seventh and the Eighth Circuits, which have looked at this issue, have held that simple robbery is a violent, a violent felony. Is that right? They, they have decided that, and I, and... What do we do with that? The Eighth Circuit... One of them went off on the, on the notion that, that the, that simple robbery, that fifth-degree burglar, fifth-degree assault was a lesser- included offense of... That, right. ...simple robbery. That is correct. That was the Seventh Circuit, and as we noted in the briefing, the parties never disputed. In that case, the Stanaford would be controlling law, and so that was never an issue in that court. In addition, both the Seventh Circuit and the Eighth Circuit are taking a very different approach to what force is required for violent felonies than the Ninth Circuit has, and they both are looking at very minor injuries. And the Seventh Circuit focuses specifically on force capable of causing physical pain, even if it results only in minor injuries, such as scratches or reddened skin, or none at all. And this is a different standard than the Ninth Circuit, which focuses on significant force. Similarly, in Pettus, the Eighth Circuit is following its own precedent, finding a very minimal amount of force is necessary for a violent felony, including a blindside bump, a brief struggle, and a yank, even where the victim suffers no pain or injury. And that is contrary to what this Court has decided in Walton, and also in Dominguez-Murray... Can I ask a question about Walton? Sure. So in Walton, we were looking at the Florida robbery statute, correct? Walton, I believe, was Alabama. Or Alabama. Was it... I thought it was Florida. No? Florida was Giozo's. Which one? Giozo's was Florida robbery. Oh, that's correct. Right, I'm getting them... Too many cases. So it's Giozo's that dealt with, that deals with the Florida statute, right? That is correct. And the Florida statute was at issue in Stokely? Correct, Your Honor. And in Stokely, the Supreme Court recently granted cert. They are having oral argument, I believe, today. Today? Yes. So should we wait to see what they say in Stokely before we make any decision here? Your Honor, I would discourage that. Mr. Ward has already served a significant portion of his sentence. If he is not an armed court criminal, he would be... and he's remanded for resentencing, he would be due to be released very shortly if he's sentenced within his guideline range. And this court's opinions are binding until they're reversed by the Supreme Court. We really don't know what the Supreme Court is going to do in Stokely. It may be that they've granted cert, much like they did in Johnson 1, to say that the 11th Circuit is not correctly interpreting the armed court criminal violent felony. The 11th Circuit has a completely different... well, at Stokely, they were looking at an older statute, if I'm not mistaken, an older version of the robbery statute that was an issue. That may be, Your Honor, yes. It's a little bit different. It's a little bit different. I don't think this court needs to rely on Stokely. I think the 9th Circuit has been correctly interpreting Supreme Court law and should follow its own precedent in deciding this case. Did you want to save some time for rebuttal? I did, yes. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Anne Wick. I represent the United States. The United States is asking this court to affirm the district court's decision. Could you pull those mics down just a little bit? Absolutely. So we can see you and hear you better. Thank you, Your Honor. The government would ask you to affirm the district court's ruling in this case, denying Mr. Ward his 2255 petition. The reason that government is asking for you to affirm and that you can affirm is because the Minnesota robbery statute and the cases interpreting it require Johnson-level force and can be distinguished from this court's precedent involving other states' cases and statutes. I'd like to pick up where counsel addressed Nash, quite frankly, because Nash actually exhibits one reason that Minnesota's robbery is acceptable under Johnson-level force, because Nash says that's not robbery. It's close, but it's not. And when we're talking about individuals who reached into a purse, the woman actually, there was a little bit of a struggle, and that's significant because there's cases from this court that say a struggle over a purse just by itself with nothing else is not robbery. And that's exactly what... It's a violent force? This court has said that it's not. And Minnesota has said that it's not sufficient for robbery without more. And that's why Nash is so significant. Mr. Ward would like to rely on Nelson heavily for Minnesota state case law, but Nelson involves more than a simple grabbing of a jacket off a 13-year-old boy. It involved two older adults, basically, who were following the little boy, talking about getting him they arrested his jacket away from him and he fled. It's not as simple as saying the use of force was limited to taking the little boy's jacket. So is it your position that's violent force? Yes. How? Well, let me back up a little bit. The Minnesota statute requires use of force or threatened use of force. But is that sufficient to satisfy what the Supreme Court has said in Johnson? Yes. Johnson's requirement is use or threatened use of physical force capable of causing physical injury. There is no requirement that actual injury result. And that's significant because it's very easy to get caught up in the level of injury that results. It's certainly helpful in a case with scratches, let's say, or broken bones, significant bruising, for example. Those certainly indicate the level of force used, but those actual injuries are not required to comply with Johnson. So if you yank a... if you're gonna still take a violent force? It can be under certain circumstances. I'm just asking, you know, the Supreme Court, apparently it is, and it qualifies as a simple robbery under Minnesota law. Correct. It seems hard to say that that's violent force. Well, let me back up. I just said that's correct, but that's not correct under Minnesota law. Simple snatching of the purse is not going to qualify as robbery under Minnesota, and that's why this court can distinguish it from... How about the cases that dealt with the... what was it? Wasn't there one case where the young boys were... had taken a purse from a young girl and were tossing it back and forth? I forget which case that was. Didn't that qualify as simple robbery? I don't recall a case with the facts... That was... tossing a purse back and forth. I apologize. Ms. Wick, did I understand you correctly saying that a plain purse snatching off a woman does not qualify as simple robbery in Minnesota? It's not force or threatened force which is capable of causing an injury? I don't believe there's any case law from Minnesota that's simply based on snatching of the purse with nothing more. Would you address the difference in the analysis that we're supposed to use in the Ninth Circuit versus the analysis that was used in the Pettus case? It's my understanding from hearing Ms. Windberg that there is a difference in the analysis in the two circuits. I would agree with that. Quite frankly, both circuits are, of course, interpreting and applying Johnson, and the circuits that are in agreement with the government, such as Pettus, is one of those case examples. I don't know that they're inconsistent, I'm afraid. I don't have an answer to say that they're completely different. They have simply decided... they have looked at cases and found that the force used, because it's capable of causing physical harm or pain and so forth, that satisfies Johnson. This circuit has focused a little bit more precisely and decided that minor, what this court calls minor injuries, is going to take it out of the ambit of Johnson 1. And other than just saying it's completely two circuits looking at the same case and reasonable minds may differ, I don't think I have a better analysis than that. How does this court work with minor? How do we make that... how would you use that and apply that analysis here? Well, the cases from this circuit has looked at Johnson, and then after Johnson says it's force capable of causing physical pain or injury, and it can't be forced however like this court has cited with approval, other qualifications of requiring significant harm, for example. Again, it's kind of... it's a qualifier that just separates it from other circuits interpreting Johnson. Again, it's a bit of a reasonable minds may differ. Why doesn't Walton just control here? Because the cases that Walton rests on can be distinguished from Minnesota. Walton dealt with Alabama and Virginia, if I'm not mistaken, and those cases involved different levels of harm. For example, the Alabama case, one of the Alabama cases involved tugging a purse a couple times and yanking it off her arm. That was not sufficient. In Missouri, we're talking about someone who bumped the victim's shoulder and yanked the purse away. In Virginia, another case from Walton, they talk about the defendant tapping the victim on the shoulder, turning her around and pulling her in Minnesota too. That's the significance. So Walton can control because Minnesota is distinguishable from those other state cases and examples discussed by Walton. Well, there are cases by the Minnesota Court of Appeal that are very similar. I mean, just snatching the purse is simple robbery. Correct. Those cases usually involved at least something else besides just the by the victim that's overcome by the pulling. The easier example is to look at theft that's sneaky. When someone's reaching into the purse or they're pickpocketing and no one's the wiser, that's clearly not going to be violent force under Johnson. But if you are fighting over someone's property off of their person, their necklaces, as in the slaughter case from Minnesota, then you're involved in a violent struggle, not a non-violent struggle. And that's the difference. So you brought to our attention Stokeland. I did. What should we do? I think this court should wait. Why? Because it's so clearly on point. Usually when the court takes a case, they usually take it, you know, hard to predict. I probably shouldn't say this, but you know, there's a fair chance that it's going to be a reversal. And it could be. Judicial economy certainly weighs in favor of waiting. The maximum penalty on Mr. Ward's conviction was 10 years, and that 10 years doesn't hit till 2022 or thereabouts, depending on his credit for time in there. So it's not as if what what if he's what? What if it's not? What if he's not treated as a career felon? Then what? That's his maximum. That's what I was referring to. Without the career offender enhancement, his maximum is 10 years, and we don't hit that 10 year mark until under the guidelines. Guidelines are less than 10 and I want to say without a citation of the record that they're in the seventies or eighties months. And so I defer to counsel on her calculation about when he would be due to released if he had a guideline sentence. But in terms of legal and being worried about whether he's serving time over that legally authorized if he was not a career offender, we're not in that situation. And the fact that Stokeling is being argued today, I mean, at least it was on the calendar for today, unless it's gotten moved. Um, I would anticipate a sooner decision rather than just waiting for it to be set for her argument and then waiting for a decision. But since we have argument today, I don't see why we wouldn't weigh in favor of waiting for that decision to come out because it is so instructive on on this appeal. Okay. Any other questions? Okay. Thank you, Counsel. Appreciate your argument this morning. I believe there's some rebuttal time. Yeah. Your Honor, I would just like to briefly follow up on on Walton and how the examples in Walton are actually very similar or maybe even higher than the examples used in Minnesota. In Walton, some of the examples where the defendant tugged on a purse or yanked a purse off of a woman's arm with enough force to knock her off balance. Um, there also is an example where the defendant pushed or shoved someone into a corner in order to escape from the robbery. This is very similar or even more than some of the examples that have been upheld a simple robbery under sufficiency of the evidence challenges in Minnesota, um, such as gay off Nick, where the defendant grabbed a purse from the woman and and she testified that he moved her arm in order to get the purse from her. Um, in Balton, which is a 1995 Minnesota Court of Appeals case, the defendant shoved one individual then grabbed cash from another individual and ran away, and that was sufficient for robbers. Given that the Seventh and Eighth Circuits don't seem to agree with the Ninth Circuit rule and that Stokely is being argued today, isn't that a pretty good reason to withdraw submission of this case and await Stokely? Your Honor, I still submit the Seventh and Eighth are closer to Minnesota than we are. And yet the Ninth Circuit is close to the Supreme Court. It's the rulings, I think that Mr Ward is entitled to relief under the laws that existed in the Ninth Circuit and that he if he is, if he is going to be re sentenced, he's over serving the the, um, guideline sentence and should be given that opportunity. If you have no further questions, I've used up my time. Your Honor's okay. Thank you. We appreciate your arguments this morning, and we'll submit that matter for the moment. Thank you, Counsel.
judges: Paez, Bea, Royal